Richard Duane BROWN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–3673.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

No appearance for petitioner-appellant.

B. Mahlon Brown, U. S. Atty., Reno, Nev., for respondent-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and THOMPSON *, District Judge.

* The Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

GOODWIN, Circuit Judge:

Richard Duane Brown appeals from a judgment denying his petition for relief under 28 U.S.C. § 2255. After his appeal had been calendared, we deferred submission pending the decision in *Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978) (en banc). We now remand for further proceedings as noted below.

In 1970, Brown was convicted of violations of 18 U.S.C. § 2314 (interstate transportation of forged securities), and was sentenced to fifteen years' imprisonment. The conviction was affirmed in an unpublished memorandum.

In 1976, Brown filed the § 2255 petition now before us. We will discuss the facts as they relate to the several issues.

I. *Enhancement of Sentence Through Reliance on Unconstitutional Prior Convictions.*

Brown alleges that the district court in 1970 sentenced him to a longer term than it would have imposed if the court had not been influenced by three prior state convictions that Brown now alleges were constitutionally defective. Accordingly, Brown claims that, under *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the sentencing court must resentence him without considering his convictions in California, Michigan, and Iowa.

Brown alleges that the California and Michigan convictions are invalid because he was denied counsel as required by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). He alleges that the Iowa conviction was the result of an ill-advised guilty plea. He asserts that he had confessed to the Iowa robbery under compulsion of police threats of severe bodily injury and that his court-appointed counsel[1] improperly disregarded the coercive circumstances in which the confession was obtained.

In ruling on Brown's § 2255 motion, the district court found that the California and Michigan convictions were insignificant and had been given no effect whatsoever in fixing Brown's 1970 sentence. This finding, based on the court's own recollection of Brown's sentencing, will not be overridden. *Farrow v. United States*, 580 F.2d at 1355. Consequently, Brown's claim that his 1970 sentence was enhanced through the sentencing court's consideration of the California and Michigan convictions must fail. There is no need to establish the truth of his assertion that he was denied counsel in those prior cases.

The § 2255 court stated that it could not say, categorically, that in sentencing Brown it had not considered the Iowa conviction. Rather than to attempt to determine at a distance the adequacy of Iowa counsel in the 1968 guilty plea, the court ruled that Brown must attack his Iowa conviction in Iowa. The court said that if he should be successful in state postconviction proceedings, he could return to the district court for *Tucker* relief.

The district court's approach to the Iowa conviction can be read two ways: On the one hand, the court may have meant that it could not recollect whether it had considered the Iowa conviction when it sentenced Brown. On the other hand, the court may have meant that it might have considered the conviction and enhanced Brown's sentence in some degree. In either event, a remand is required.

If, on remand, the district court finds that it cannot recall the effect of the Iowa conviction, it should disregard the conviction and reconsider Brown's sentence on the basis of Brown's 1970 criminal proceedings. If the sentence would remain unchanged after reconsideration, then Brown's claim must fail. If, however, the sentence would be lighter, the district court must hold a hearing to determine the con-

---

1. In Brown's § 2255 motion, he contended that the Iowa conviction is invalid because it rested on a plea that was tainted by a coerced confession. The district court interpreted Brown's pro se allegations as raising the claim that the Iowa conviction is invalid because Brown did not have the effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

stitutionality of the Iowa conviction. *Farrow v. United States*, 580 F.2d at 1353–54.

Two premises underlie our conclusions regarding the procedures that the district court should follow in considering Brown's Iowa conviction. The first is that *United States v. Tucker* extends to a claim that a prior state conviction is constitutionally invalid because of the ineffective assistance of counsel. *Farrow v. United States* concerns *Tucker* claims based on allegations that prior convictions are rendered invalid by *Gideon v. Wainwright* for lack of counsel. Although *Tucker's* scope remains uncertain in other areas, *see Portillo v. United States*, 588 F.2d 714, (9th Cir. 1978) (en banc), it is clear that the right to the assistance of counsel and the right to effective assistance of counsel are constitutional equivalents. As the Supreme Court has stated:

 " * * * It has long been recognized that the right to counsel is the right to the effective assistance of counsel * * [citations omitted]." *McMann v. Richardson*, 397 U.S. at 771 n.14, 90 S.Ct. at 1449.

*See also Cooper v. Fitzharris*, 586 F.2d 1325, 1328–29 (9th Cir. 1978) (en banc). Thus, Brown's allegations regarding the adequacy of Iowa counsel could present questions which would require a hearing. We leave until we are presented a specific question the standards of adequacy to be followed in a long-distance collateral attack.

The second premise is that Brown is not required to exhaust his Iowa remedies in order to question the Iowa conviction on adequacy-of-counsel grounds. We recognize that the Fourth Circuit imposed such an exhaustion requirement in *Brown v. United States*, 483 F.2d 116 (4th Cir. 1973). As the Fifth Circuit noted in *Mitchell v. United States*, 482 F.2d 289, 292–94 (5th Cir. 1973), however, *Tucker* does not mandate exhaustion. While there is a federal interest in requiring exhaustion when a prisoner seeks to attack his conviction *per se*, our circuit has refused to defer to that interest when the criminal defendant is only attacking the federal government's right to use that conviction as a predicate to

the imposition of federal penalties. *See United States v. Thoresen*, 428 F.2d 654, 662–64 (9th Cir. 1970).

## II. Enhancement of Sentence Through Reliance on Allegedly Untrue Information in Presentence Report.

In addition to his *Tucker* claim, Brown argues that the district court based his 1970 sentence on allegedly false statements in his presentence report to the effect that, when Brown was eleven or twelve years of age, a juvenile court in Michigan had committed him on a rape charge. Brown's argument rests on *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), in which the Supreme Court reversed a criminal conviction because the defendant was sentenced "on the basis of assumptions concerning his criminal record which were materially untrue." 334 U.S. at 741, 68 S.Ct. at 1255. In *Farrow v. United States*, the court stated:

 " * * * The clear teaching of *Townsend* and * * * [*United States v. Weston*, 448 F.2d 626 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972)] is that a sentence will be vacated on appeal if the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court *based* its sentence on improper information * * * [citations omitted]." 580 F.2d at 1358–59.

*Accord, Gelfuso v. Bell*, 590 F.2d 754 (9th Cir. 1978). In this case, there is no indication in the record of Brown's sentencing proceedings that the district court based Brown's sentence in any degree upon the juvenile reference, true or false, in the presentence report. The record is silent on the matter.

Nonetheless, Brown's claim on this point fails because he did not avail himself of the opportunity offered him in open court to challenge his presentence report. Brown argues that he did not have an opportunity to examine the presentence report or to

obtain full knowledge of its contents until some time after he was sentenced and that, therefore, he could not have challenged the presentence report at his sentencing hearing. This claim is belied by the record of Brown's sentencing proceedings. The district court had made the presentence report available to Brown and his counsel and had given them the opportunity to raise any matters relevant to sentencing. Brown's counsel stated at the sentencing hearing that he had nothing to say in mitigation. He further stated that he and Brown had read the presentence report and that he had discussed it with Brown. Under these circumstances, Brown's *Townsend* claim is foreclosed because Brown and his counsel bypassed their opportunity to "intelligently dispute the accuracy of [the] presentence report." *See United States v. Leonard*, 589 F.2d 470, 472 (9th Cir. 1979).

In his brief before this court, Brown lists other alleged inaccuracies in the presentence report. These allegations are, for the most part, unspecific. They compel no different conclusion than the one already reached.[2]

III. *Impeachment and Compulsion Not to Testify.*

After the defense had presented its evidence at Brown's 1970 trial, Brown stated that he had chosen not to testify on his own behalf. He responded affirmatively to the court's inquiry whether his decision was the result of a fear that the government might impeach him with evidence of prior acts of misconduct. Court and counsel then considered the propriety of using the California, Michigan, and Iowa convictions for impeachment purposes. The court ruled that the charges underlying the convictions had bearing on Brown's credibility. Accordingly, the court stated that it would allow the government to ask Brown on cross-examination whether he had previously been convicted of any felony. The court further ruled that, if Brown answered hon-

estly, it would not permit the government to reveal the number or nature of the felonies. Faced with the court's ruling, Brown again declined to testify. No objection to the court's ruling was made. It is clear from the record that Brown's decision not to testify was tactical.

In his § 2255 petition, Brown does not claim that the district court erred in ruling as it did at the time of trial. Rather, Brown claims that he is entitled to a new trial because his decision not to testify was compelled by the threat of impeachment by his prior convictions. Brown's claim is obviously an attempt to bring himself under *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), which held that it is error of constitutional magnitude to impeach a defendant's testimony with evidence of prior convictions rendered invalid by *Gideon v. Wainwright, supra.* Brown claims that, if he had testified at his trial, use of his prior convictions to impeach his credibility would have violated the law subsequently announced in *Loper.* Brown argues that *Loper* should similarly compel retroactive relief for a defendant who elected not to testify for fear of impeachment by allegedly unconstitutionally obtained prior convictions. We need not reach this issue on this appeal.

In *United States v. Murray*, 492 F.2d 178, 196–97 (9th Cir. 1973), *cert. denied*, 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974), this court held that a defendant who elects not to take the witness stand may not, on appeal, challenge the admissibility of prior convictions. *Accord, United States v. Walters*, 477 F.2d 386 (9th Cir.), *cert. denied*, 414 U.S. 1007, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973). *Murray* was the law of the circuit when Brown was being tried.

The relevant portion of Brown's trial transcript reveals no controversy at trial about the admissibility or validity of the California, Michigan, and Iowa convictions. Moreover, Brown does not challenge the finding of the court below that, at the time

---

**2.** Some of these allegations concern statements in the presentence report about the amount of "fraudulent paper" that Brown had in circula-

tion. We note that, at the sentencing hearing, Brown himself responded to the district court's question on this subject.

of trial, Brown knew all the facts relating to the prior convictions. Nor does Brown claim that his trial counsel improperly failed to object to the use of the prior convictions.

This court recently addressed the question of waiver in *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc). The defendant in *Cook* did not raise the constitutionality of his prior convictions, but argued that the district court had erred in ruling under Fed.R.Evid. 609 that they were admissible for impeachment purposes. Although the defendant in *Cook* did not testify at his trial, this court held that, at least on direct appeal, a criminal defendant could preserve objections to the admissibility of prior convictions if he did not testify after being advised by the court that the convictions would be used to impeach him, and if the defendant made a proper record for review. The court then reviewed the district court's ruling on admissibility.

■ *Cook* explicitly speaks to the future. 608 F.2d at 1175. However, even if we assume arguendo that the new rule announced in *Cook* and *Cook's* interpretation of *Murray* apply to Brown's claim, our conclusion that the claim is barred would not be altered. Brown's claim remains speculative. The record of Brown's 1970 proceedings does not reflect the substance of the testimony that Brown would have given if he had not been dissuaded from taking the witness stand by the fear of impeachment. Even if we further assume that Brown can raise his claim in § 2255 proceedings when it is clear that the claim would have failed on direct appeal, the *Cook* decision would provide no relief because there are no allegations concerning how Brown's election not to take the stand actually prejudiced him.

IV. *Brown's Parole Consideration.*

Brown attacks the parole authorities' consideration of his parole eligibility. Brown claims that he has consistently been denied parole because his presentence report contains statements that he alleges are inaccurate or reflect constitutionally infirm prior convictions. He also claims that, when the district court sentenced him, it intended that he be eligible for "early" parole because sentence was imposed under 18 U.S.C. § 4208(a)(2) (now 18 U.S.C. § 4205(b)(2)).

■ The district court was without jurisdiction to reach the merits of these claims in the context of the § 2255 proceedings. A petition under § 2255 can test only the sentence imposed and not the sentence "as it is being executed". *Ridenour v. United States*, 446 F.2d 57 (9th Cir. 1971).

A petition under 28 U.S.C. § 2241 is the proper form of proceeding for obtaining review of parole decisions. *Tedder v. United States Board of Parole*, 527 F.2d 593, 594 n. 1 (9th Cir. 1975).

A petition under § 2241 must be addressed to the district court which has jurisdiction over Brown or his custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Because Brown is confined in the federal penitentiary in Leavenworth, Kansas, any complaints he has against the parole authorities must be addressed to the district court in the district of his confinement. Moreover, because the court below lacked jurisdiction of the parole board, it could not construe Brown's § 2255 petition as a § 2241 petition. *Andrino v. United States Board of Parole*, 550 F.2d 519 (9th Cir. 1977).

The case is remanded to the district court for proceedings consistent with the views expressed in Part I of this opinion. The district court is instructed to dismiss for lack of jurisdiction the claims discussed in Part IV of the opinion. In all other respects, the judgment of the district court is affirmed.

Affirmed in part, and remanded.