**UNITED STATES of America, Plaintiff,**

**v.**

**David Rollin SCOTTEN, Defendant.**

**No. CR–R–82–53–ECR.**

United States District Court, D. Nevada.

June 27, 1984.

David Scotten, pro se.

Loren Graham, Zephyr Cove, Nev., for defendant.

### MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant has filed a "Motion to Correct Illegal Sentence," pursuant to F.R.Cr.P. 35(a). A jury had found him guilty of a controlled substance violation and, in March 1976, he was sentenced to three years' imprisonment. He was free on bail pending appeal when he failed to appear for a court appearance in December 1976. His appeal then was dismissed because he had become a fugitive from justice. Defendant finally was apprehended in September 1982. He pleaded guilty to bail jumping and was sentenced, by the undersigned, to two years imprisonment, the term to run consecutively to the three-year term previously imposed. In May 1983 the bail jumping sentence was reduced (by virtue of a timely Rule 35(a) motion) to eighteen months, the amended sentence still to be served consecutively to the three-year term.

■ After appearing before the United States Parole Commission, Defendant was ordered to serve thirty-six months before becoming eligible for parole. This decision by the Commission was based on the guidelines it used in 1983. Had it used the guidelines in force in 1976, when Defendant was sentenced for the controlled substance offense, he would have been eligible

for parole in as few as sixteen months, according to Defendant. He contends that the Parole Commission enhanced the expectations of the sentencing court and, in effect, resentenced him to a longer term of incarceration. Defendant urges that this violated the prohibition against *ex post facto* application of law, as well as his due process rights.

The *ex post facto* argument cannot be sustained. Parole Commission guidelines are merely procedural guideposts and, therefore, are not "laws" within the meaning of the *ex post facto* clause. *Roth v. United States Parole Com'n*, 724 F.2d 836, 837 (9th Cir.1984); *Rifai v. United States Parole Com'n*, 586 F.2d 695, 698 (9th Cir. 1978).

■ F.R.Cr.P. 35(a) provides that a court may correct an "illegal sentence" at any time. The function of the Rule is to permit correction of an illegal *sentence*, not to reexamine other errors. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). Here there is no claim of a constitutional violation in the sentencing itself, nor that the sentence imposed exceeded the statutory limit or that the proceedings were invalid; the sentence was not illegal. *Ibid.; United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). The *Addonizio* opinion, at page 190, specifically declares that actions of the Parole Commission that might not accord with the trial judge's expectations at the time of sentencing do not affect the validity of the sentence itself. Nor may this Court treat Defendant's *pro se* Rule 35 motion as a petition for habeas corpus under 28 U.S.C. § 2255, because an allegation that the policies of the Parole Commission have prolonged the term of actual imprisonment beyond the period intended by the sentencing judge will not support an attack on the original sentence under § 2255. *Id.* at 179, 99 S.Ct. at 2237.

■ A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper method for obtaining review of Pa-

role Commission decisions. *See Brown v. United States*, 610 F.2d 672 (9th Cir.1980); *Andrino v. United States Bd. of Parole*, 550 F.2d 519 (9th Cir.1977); *Jacobson v. United States*, 542 F.2d 725, 727 (8th Cir. 1976). This Court may not treat the instant motion as a mislabeled § 2241 petition, however, as it does not have jurisdiction over either Defendant or his custodian. *Andrino, supra* at 520; *Brown, supra* at 677.

IT IS, THEREFORE, HEREBY ORDERED that defendant David Rollin Scotten's Motion to Correct Illegal Sentence be, and the same hereby is, DENIED.