**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel A. EATINGER, Defendant–Appellant.**

**No. 89–10291.**

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 1990.*

Decided April 25, 1990.

Joel A. Eatinger, Lompoc, Cal., pro se.

R. Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**1384**

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PER CURIAM:

Eatinger challenges the district court's denial of his motion requesting a reconsideration of his sentence pursuant to Fed.R. Crim.P. 35(b). We reverse and remand.

### I

On October 28, 1988, Eatinger pleaded guilty to one count of distributing heroin on or about April 20, 1988. The Sentencing Guidelines ("the Guidelines") apply to offenses committed after November 1, 1987. However, on August 23, 1988, the Ninth Circuit declared the Guidelines unconstitutional. *See Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988), *vacated, United States v. Chavez–Sanchez,* — U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). As a result, the district court did not apply the Guidelines when it sentenced Eatinger on January 10, 1989. On January 18, 1989, the Supreme Court found the Guidelines constitutional. *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

The district court sentenced Eatinger to five years incarceration. Based on an offense level of 12 and a criminal history category of III, the Guidelines range for incarceration would be 15 to 21 months.

In May 1989 Eatinger moved for reconsideration of his sentence under Fed.R. Crim.P. 35(b) and requested resentencing under the Guidelines. The district court denied the motion.

### II

 The district court correctly concluded that Fed.R.Crim.P. 35(b) did not allow it to reexamine Eatinger's sentence. The version of the Rule in effect before November 1, 1987, did not apply in Eatinger's case, as Eatinger committed the offense in April 1988.[1] On the other hand, the version of the Rule in effect at the time of the sentencing did not give the district court the power to grant the relief Eatinger requested.[2] Thus, we cannot conclude that the district court erred in denying Eatinger's Rule 35 motion.

### III

 Because *Mistretta* applies retroactively to sentences imposed during the period in which *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988), *vacated, United States v. Chavez–Sanchez,* —— U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989), was in effect, the sentence imposed in dis-

---

**1.** The previous version of the Rule provides:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. A motion to reduce sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time.

Fed.R.Crim.P. 35 (1986).

**2.** This version of the Rule provides:

(a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

(b) Correction of Sentence for Changed Circumstances. The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Fed.R.Crim.P. 35 (1989). Eatinger's request was not made after an appeal and remand, and the government did not move for a correction of the sentence based on Eatinger's assistance.

regard of the Guidelines was error. *See United States v. Kincaid,* 898 F.2d 110, 112 (9th Cir.1990); *United States v. Gonzalez–Sandoval,* 894 F.2d 1043 (9th Cir.1990); *United States v. Kane,* 876 F.2d 734, 735–36 (9th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989). Although the court did not have the power to grant Eatinger's Rule 35 motion, Eatinger could have petitioned the court to correct the sentence under 28 U.S.C. § 2255.

Pro se petitioners' arguments must be liberally construed. *See Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). While Eatinger requested relief which was not available to him under Fed. R.Crim.P. 35(b), the court could have granted the same relief had Eatinger filed a petition pursuant to 28 U.S.C. § 2255.[3] In short, Eatinger cited the wrong authority for his request. The district court erred in failing to interpret this pro se petitioner's motion as a valid § 2255 petition. Although we affirm the district court's denial of Eatinger's Rule 35 motion, we reverse on the basis of the court's failure to liberally construe Eatinger's motion. We therefore remand so that the court may evaluate the motion as a petition filed under 28 U.S.C. § 2255.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**3.** This section provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

28 U.S.C. § 2255.