974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher David LEE, Defendant-Appellant.
 No. 91-50495.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher David Lee appeals the district court's refusal to modify the sentence it imposed under the United States Sentencing Guidelines (Guidelines), following his conviction by jury, for possessing methamphetamine with intent to distribute. Lee contends that collateral estoppel bound the district court to modify his sentence based on a Louisiana district court's subsequent finding that the government had violated a cooperation agreement with him. Although Lee's motion to correct sentence was brought improperly under a prior version of Fed.R.Crim.P. 35(a), we take jurisdiction over this appeal on the basis of 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Rule 35(a) permits a district court to amend a sentence within one year after its imposition only upon remand by a court of appeals or on motion of the Government. Fed.R.Crim.P. 35(a). A district court may construe a motion, erroneously brought under Rule 35, as a petition for relief under 28 U.S.C. § 2255. United States v. Kohl, No. 91-30119, slip op. 9713, 9717 (9th Cir. Aug. 12, 1992); United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam). Section 2255 offers prisoners relief from sentences imposed in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2255.
 
 
 4
 On November 18, 1988, Lee was indicted in the Eastern District of Louisiana for possessing and conspiring to possess with intent to distribute methamphetamine. On November 29, 1988, he was arrested in the Southern District of California for possession with intent to distribute methamphetamine. Three days later, he signed an agreement to cooperate with the Drug Enforcement Agency (DEA Form 473). The agreement provided that: 1) Lee would not break the law to serve the DEA; 2) Lee had no official status with the Agency; 3) information Lee provided could be used to prosecute others, Lee could be called to testify, and the DEA would try to protect his confidentiality and 4) if harrassed or threatened, Lee would inform the Agency.
 
 
 5
 A jury in the Southern District of California convicted Lee on April 13, 1989 and three months later he was sentenced to five years' imprisonment. In August 1990, he moved the district court in Louisiana to dismiss the Louisiana indictment. After a hearing, United States District Judge Arceneaux determined that the DEA had promised to dismiss the California charges in exchange for Lee's plea of guilty to the Louisiana charges, and then had broken its promise. Accordingly, the Louisiana court dismissed the indictment pending there. On April 8, 1991, Lee moved the Southern District of California to modify his sentence based upon his substantial cooperation with the DEA. He claimed that collateral estoppel bound the California court to grant his motion based on the Louisiana court's findings that the government had dealt unfairly with him. Although Rule 35 does not authorize a district court to modify a criminal sentence absent a remand or motion from the government, the district court considered and denied Lee's motion on April 30, 1991. Because the district court could have reached the merits of Lee's motion under 28 U.S.C. § 2255, see Kohl, No. 91-30119, slip op. at 9717, in the interest of judicial economy, we construe this appeal as one from a denial of relief under 28 U.S.C. § 2255, and we affirm.
 
 
 6
 We need not decide any of the questions Lee's appeal purports to raise. Whether or not collateral estoppel applies to the Louisiana court's ruling, and whatever the DEA might have promised in return for Lee's guilty plea, Lee never pleaded guilty to the Louisiana charges. Accordingly, the government was free to prosecute him in California, and his conviction and sentence in no way violate federal law or the Constitution.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3