981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James MILLER, Defendant-Appellant.
 No. 91-50003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1992.*
Decided Dec. 7, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Miller appeals the district court's denial of his Federal Rule of Criminal Procedure 35 motion to correct his sentence. He contends that the court (1) erroneously construed the motion as a 28 U.S.C. § 2255 petition; (2) improperly resentenced him on a mechanical basis; (3) exercised judicial vindictiveness in resentencing; and (4) coerced his plea by threatening to impose a harsher sentence on remand. We reject these contentions and we affirm.
 
 DISCUSSION
 
 3
 We reject Miller's contention that the district court erred by construed his Rule 35 motion as a habeas petition. The court clearly has the authority to construe a pro se motion erroneously brought under Rule 35 as a petition for relief under section 2255. See United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992); United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam). Construed as a habeas petition, Miller's notice of appeal in this case is timely. See Houston v. Lack, 487 U.S. 266, 276 (1988); Sudduth v. Gasper, 921 F.2d 206, 207 (9th Cir.1980).
 
 
 4
 We also reject Miller's arguments that the district court's sentence on remand was mechanical, vindictive or coercive. The district court properly exercised its discretion when reimposing the original sentence by taking into consideration the presentence report, the prosecutor's recommendation, and the gravity of the offenses committed. See United States v. Meyers, 847 F.2d 1408, 1414 (9th Cir.1988). The court noted that based on that information it would be "clearly contrary to the manifest public interest" to impose anything but the same sentence. The court thereby satisfied our directive on remand to "examine the propriety of the bargain struck in this particular case, and set forth on the record the reasons for its ultimate decision." United States v. Miller, 722 F.2d 562, 566 (9th Cir.1983). We conclude that there is inadequate support in the record for Miller's claim that his sentence was vindictive, coercive or mechanically calculated.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3