15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Louis NICHOLAS, Defendant-Appellant.
 No. 93-55943.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Louis Nicholas, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 habeas petition. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 A federal prisoner may collaterally attack the legality of his conviction or sentence by filing a motion pursuant to 28 U.S.C. Sec. 2255. See, e.g., Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.) cert. denied, 488 U.S. 982 (1988). However, a federal prisoner who is attacking the manner of execution of his sentence, must file a habeas petition under 28 U.S.C. Sec. 2241. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980). Thus, a federal prison who is attacking a parole decision must file a habeas petition under 28 U.S.C. Sec. 2241, rather than 28 U.S.C. Sec. 2255. See Brown, 610 F.2d at 677. Only courts with jurisdiction over the prisoner or the custodian have jurisdiction over habeas corpus petitions filed pursuant to 28 U.S.C. Sec. 2241. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992) (per curiam); Brown, 610 F.2d at 677.
 
 
 4
 Here, Nicholas contends that the United States Parole Commission erroneously relied on a letter from the United States Probation Office in denying him parole. On appeal, Nicholas argues that the district court should consider his claim pursuant to 28 U.S.C. Sec. 2255, since the conduct of the Probation Office may be construed as an extension of his original sentence. This contention lacks merit.
 
 
 5
 Nicholas is clearly challenging the manner of execution of his sentence because he argues that the Parole Commission erred in denying him parole. See Brown, 610 F.2d at 677. In addition, the Probation Office's conduct is only relevant to the extent that the Parole Commission relied on this information in reaching its parole decision. Since challenges to parole decisions must be filed under 28 U.S.C. Sec. 2241, the district court did not err in holding that it lacked authority to consider Nicholas' Sec. 2255 motion. See id.[1]
 
 
 6
 Moreover, the district court could not construe Nicholas' Sec. 2255 petition as a Sec. 2241 petition, since the district court lacked jurisdiction over Nicholas or his custodian. See id. Nicholas is currently incarcerated at Englewood Federal Correctional Institute in Littleton, Colorado. Nicholas must address any complaints against the parole authorities to the district court in the district of his confinement. See id. Accordingly, the district court for the Southern District of California lacked jurisdiction to consider Nicholas' habeas petition. See id.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Nicholas argues for the first time that he is also challenging his original conviction, since the trial court may have considered this erroneous information in imposing sentence. Since no facts pertaining to this issue were presented to the district court, we cannot consider them on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992) (explaining that generally the Ninth Circuit will not consider issues raised for first time on appeal)