21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andres CARRASCO-ARAGON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35597.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andres Carrasco-Aragon, a federal prisoner, appeals pro se the district court's denial of his Fed.R.Crim.P. 35 motion. Carrasco-Aragon pled guilty to conspiracy to distribute cocaine, conspiracy to distribute heroin, possession with intent to distribute more than 100 grams of heroin, possession with intent to distribute more than 500 grams of cocaine and use of a firearm during and in relation to a drug trafficking crime. He contends that the district court erred by denying his Rule 35 motion. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm in part and vacate in part.
 
 
 3
 On January 13, 1989, Carrasco-Aragon was sentenced under pre-Guidelines law to 20 years imprisonment on each of the conspiracy counts, to run concurrently, 35 years on each of the possession with intent to distribute counts, to run concurrently, and 5 years on the firearm count, to run consecutively to the other sentences, for a total period of incarceration of 40 years. Five days later, before the time for Carrasco-Aragon's appeal lapsed, the Supreme Court upheld the United States Sentencing Guidelines in Mistretta v. United States, 488 U.S. 361 (1989). Carrasco-Aragon did not appeal.
 
 
 4
 On January 8, 1993, after previously filing pro se two 28 U.S.C. Sec. 2255 motions and a 28 U.S.C. Sec. 2241 petition which was treated as a section 2255 motion, Carrasco-Aragon filed pro se the Rule 35 motion which underlies this appeal.
 
 
 5
 In his Rule 35 motion, Carrasco-Aragon challenges the firearm count, argues for a lesser sentence based on relative culpability, claims he is parolable on the conspiracy counts and requests correction of an illegal sentence.
 
 
 6
 To the extent Carrasco-Aragon challenges his firearm count and argues for a lesser sentence based on relative culpability, we construe his Rule 35 motion as a section 2255 motion. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987).[1]
 
 
 7
 Carrasco-Aragon contends that the handgun produced at trial was not his. When Carrasco-Aragon pled guilty after four days of trial, he waived all pre-plea claims. See Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985). In any event, Carrasco-Aragon admits possession of a handgun. We affirm the denial of his challenge to the firearm count.
 
 
 8
 Carrasco-Aragon argues he should have received a lesser sentence based on relative culpability. He cites downward departure law. Downward departure law is only relevant to Guidelines cases. Because Carrasco-Aragon was sentenced under pre-Guidelines law, downward departure law is unavailing and we affirm the denial of this claim.
 
 
 9
 It is unclear from these pro se pleadings whether Carrasco-Aragon (a) merely desires enforcement of his now final pre-Guidelines sentence which would not guarantee him parole, but would render him parole-eligible; or (b) wants to be re-sentenced under the Guidelines and receive a sentence for which he would not be parole eligible.
 
 
 10
 To the extent Carrasco-Aragon wants his parole eligibility enforced under his pre-Guidelines sentence, Carrasco-Aragon challenges the manner in which his sentence is being executed and his Rule 35 motion could be construed as a section 2241 petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980).
 
 
 11
 Carrasco-Aragon has raised a colorable claim that the Federal Bureau of Prisons is improperly determining the manner in which his sentence is executed.[2]
 
 
 12
 To the extent Carrasco-Aragon requests correction of an illegal sentence, Carrasco-Aragon's Rule 35 motion could be treated as a section 2255 motion, see Mathews, 833 F.2d at 164, and construed as a request for re-sentencing under the Guidelines, see Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam).
 
 
 13
 On appeal, the government, citing United States v. Eatinger, 902 F.2d 1383 (9th Cir.1990), suggests that Carrasco-Aragon could benefit by being re-sentenced under the Guidelines and that his Rule 35 motion should be treated as a section 2255 motion and remanded to the district court for appointment of counsel.[3]
 
 
 14
 Because of the complexities and uncertainties of these matters, we agree with the government that Carrasco-Aragon should make these decisions with the advice of counsel.[4] See Brown v. United States, 623 F.2d 54, 61 (9th Cir.1980); see also 18 U.S.C. Secs. 3006A(a)(2)(B), (c). Unless appointed counsel is fluent in Spanish, communication between Carrasco-Aragon and his appointed counsel will require the benefit of an interpreter. See 18 U.S.C. Secs. 3006A(a)(2)(B), (e)(1).
 
 
 15
 Accordingly, we construe Carrasco-Aragon's Rule 35 motion as a section 2255 motion, vacate the district court's denial of Carrasco-Aragon's claims requesting enforcement of parole eligibility and correction of an illegal sentence, and remand to the district court for appointment of counsel and provision of an interpreter so that Carrasco-Aragon can decide, with the benefit of counsel, whether to move to enforce his pre-Guidelines sentence or for re-sentencing under the Guidelines.[5] We affirm the denial of his other claims.
 
 
 16
 AFFIRMED in part, VACATED in part and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Construed as a section 2255 motion, Carrasco-Aragon's appeal is timely. See Fed.R.App.P. 4(a)(1)
 
 
 [2]
 Carrasco-Aragon attached two exhibits to his Rule 35 motion. Exhibit A is a July 16, 1992 determination by the Federal Bureau of Prisons that Carrasco-Aragon is not parole eligible as to any count. Exhibit B is an August 11, 1992 letter to the Records Office of the Federal Correctional Institute from David Vail, the United States Probation Officer who conducted Carrasco-Aragon's presentence investigation and was present at Carrasco-Aragon's sentencing. According to Vail, Carrasco-Aragon was sentenced under pre-Guidelines law to 35 years under various counts for which, following service of one-third of his sentence, he is parole eligible and an additional five years consecutive for which he is not parole eligible to commence upon his parole from the first 35 year aggregate
 
 
 [3]
 Carrasco-Aragon's conviction is now final, but it was not final at the time Mistretta was announced. Eatinger, 902 F.2d at 1384-85, did not expressly address whether the Guidelines apply retroactively to sentences pronounced during the Mistretta window which are now final
 
 
 [4]
 Although the government suggests that Carrasco-Aragon "may" benefit from re-sentencing under the Guidelines, it is also true that a defendant sentenced under pre-Guidelines law during the Mistretta window, depending on the facts of his case and his prior criminal record, may be re-sentenced under the Guidelines to a greater sentence than the one he originally received under pre-Guidelines law. See United States v. Chalker, 915 F.2d 1254, 1256, 1259 (9th Cir.1990)
 
 
 [5]
 Should Carrasco-Aragon decide, after consulting with counsel, that he wants his pre-Guidelines sentence enforced, the district court should construe his section 2255 motion as a Sec. 2241 petition and transfer it, for decision, to the district of confinement. See Brown, 610 F.2d at 677