50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clifton D. THOMAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-35192.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifton D. Thomas, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Thomas contends that the government breached the plea agreement and that the United States Parole Commission erred in establishing his offense severity rating. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and vacate and remand.
 
 Jurisdiction
 
 3
 Generally, a federal prisoner who is challenging his federal conviction or his federal sentence must file a Sec. 2255 motion with the sentencing court. 28 U.S.C. Sec. 2255 (1988); Tripati, 843 F.2d at 1162. A federal prisoner who is challenging the manner of execution of his sentence must file a Sec. 2241 petition in the district where he is confined. 28 U.S.C. Sec. 2241 (1988); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); Brown v. United States, 610 F.2d 672 (9th Cir.1980). Thus, only the sentencing court has jurisdiction to consider challenges to a prisoner's conviction or sentence, whereas only the district court where the prisoner is confined has jurisdiction to consider challenges to the manner of execution of his sentence. Dunne, 875 F.2d at 249; Brown, 610 F.2d at 677.
 
 
 4
 Here, Thomas contends that the government breached the plea agreement because Thomas was scheduled to be released on parole after serving 60-72 months of his sentence. Thomas also contends that the Parole Commission abused its discretion by considering dismissed charges and raising his offense severity rating from Category 5 (60-72 months) to Category 7 (100-148 months). See 28 C.F.R. Sec. 2.20 (1994).
 
 
 5
 Thomas's breach of plea agreement claim challenged his conviction and was therefore properly before the sentencing court in the Western District of Washington. See Tripati, 843 F.2d at 1162. Thomas's parole claim, however, challenged the manner of execution of his sentence and could only be considered by the district court with jurisdiction over Thomas's custodian. See Dunne, 875 F.2d at 249; Brown, 610 F.2d at 677 (explaining that Sec. 2241 petition is proper vehicle for obtaining review of parole decision). Because Thomas was confined within the Central District of California's jurisdiction, any challenge to Thomas's parole decision could only be considered by that court. See Brown, 610 F.2d at 677. Thus, the Western District of Washington had jurisdiction to consider Thomas's breach of plea agreement claim only. See Tripati, 863 F.2d at 1162.[1]
 
 Summary Dismissal of Sec. 2255 Motion
 
 6
 The district court dismissed Thomas's Sec. 2255 motion as frivolous on the grounds that Thomas had raised claims that he had previously raised in an earlier habeas petition. The district court erred because Thomas's earlier Sec. 2255 motion challenged his five-year probation term rather than his term of imprisonment. This error does not necessarily compel reversal, however, because we may affirm on any basis supported by the record. See Dunne, 875 F.2d at 247. Thus, we may affirm if summary dismissal would have been proper on other grounds. See United States v. Mathews, 833 F.2d 161, 165 (9th Cir.1987).
 
 
 7
 A district court must summarily dismiss a Sec. 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), 28 U.S.C. foll. Sec. 2255; Mathews, 833 F.2d at 164. The district court must conduct an evidentiary hearing unless the movant's allegations, "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.) (citations omitted), cert. denied, 493 U.S. 869 (1989). Summary dismissal without responsive briefing from the government is also improper unless the record conclusively shows that the prisoner is entitled to no relief. 28 U.S.C. Sec. 2255; Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 
 8
 Here, Thomas contends that he entered the plea agreement because he understood that he would serve a maximum term of imprisonment of 72 months, based on the probation officer's parole guideline worksheet. Thomas also contends that the district court accepted the plea agreement based on this understanding.
 
 
 9
 We are unable to determine whether summary dismissal is warranted because the record is incomplete. See Baumann, 692 F.2d at 580-581. Although the record contains a copy of the plea agreement, there is no transcript of the plea/sentencing hearing. Thus we cannot determine whether the government violated the plea agreement because the record does not reflect "what the parties reasonably understood to be the terms of the plea agreement." See United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990) (explaining that district court's determination is question of fact to be reviewed under clearly erroneous standard); cf. United States v. Quan, 789 F.2d 711, 715 (9th Cir.) (no evidentiary hearing required where record revealed that movant not induced to sign plea agreement), cert. dismissed, 478 U.S. 1033 (1986). Accordingly, we are unable to determine whether summary dismissal would be proper based on this record. See 28 U.S.C. Sec. 2255; Baumann, 692 F.2d at 571.
 
 
 10
 This case is remanded to the district court for consideration of Thomas's breach of plea agreement claim. The district court is instructed to dismiss Thomas's parole claim for lack of jurisdiction.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas also filed a Sec. 2241 petition before the Central District of California. The Central District of California denied Thomas's petition without prejudice and instructed Thomas to pursue his claims by filing a Sec. 2255 motion with the Western District of Washington. Thomas appealed this decision, but his appeal was dismissed for failure to prosecute. See Thomas v. Henry, No. 94-55468, unpublished order (9th Cir. Dec. 15, 1994). Accordingly, the appeal from the denial of Thomas's Sec. 2241 petition is not presently before this court