50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugo HERRERA-MATUS, Defendant-Appellant.
 No. 94-50349.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 IN PART, VACATED IN PART.
 MEMORANDUM**
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 Hugo Herrera-Matus, a federal prisoner, appeals pro se the district court's denial of his motion to correct an illegal sentence pursuant to former Fed.R.Crim.P. 35(a). Herrera pleaded guilty in April 1988 to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. He was sentenced in July 1988 to ten years' imprisonment followed by four years' supervised release. At the sentencing hearing, the district judge stated that he would not apply the Sentencing Guidelines because he believed them to be unconstitutional.[1]
 
 
 2
 In January 1994, Herrera filed pro se a motion for correction of an illegal sentence under Fed.R.Crim.P. 35(a). He alleged that if, as the Bureau of Prisons has apparently informed him, his sentence does not permit parole, then the sentence is illegal because: (1) at the time sentence was imposed in July 1988, the conspiracy statute provided for parole; and (2) he was not sentenced under the Sentencing Guidelines.
 
 
 3
 The district court ruled that it lacked jurisdiction over the motion because Herrera's offense was committed after November 1, 1987, and the version of Rule 35 which is applicable to offenses committed after November 1, 1987 does not permit a defendant to bring a motion to correct his sentence.
 
 
 4
 The government contends the appeal must be dismissed because Herrera filed his notice of appeal more than ten days after the district court denied his motion. Because Herrera's motion challenges the legality of his sentence, we construe the motion as brought pursuant to 28 U.S.C. Sec. 2255. See United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992) (where pro se defendant mistakenly relies on former version of Rule 35 to bring motion to correct an illegal sentence, motion should be construed as a Sec. 2255 petition); United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam) (same). Herrera's appeal is timely under Fed.R.App.P. 4(a), which governs habeas appeals. See Rule 11, Rules Governing Section 2255 Proceedings (1979). We have jurisdiction under 28 U.S.C. Sec. 2255. See Kohl, 972 F.2d at 297.
 
 
 5
 "When a district court fails to construe the pro se defendant's motion to correct a sentence as a Sec. 2255 petition, and ... denies the Rule 35(a) motion for procedural defects, we will remand to allow the courts to reach the merits of the case." United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993) (citing Eatinger, 902 F.2d at 1385). Herrera's first claim, that the "no parole" provision of his sentence was not authorized by the conspiracy statute, is cognizable under Sec. 2255. Herrera also raises the issue of whether he was sentenced under the Sentencing Reform Act. The government's position is that if a non-Sentencing Reform Act sentence was imposed, the sentence is illegal. Because the legality of the sentence is at issue, the second claim is also cognizable under Sec. 2255.
 
 
 6
 Accordingly, we AFFIRM the court's denial of relief pursuant to Rule 35 and VACATE and REMAND for the court to evaluate Herrera's motion as a petition pursuant to 28 U.S.C. Sec. 2255. See Eatinger, 902 F.2d at 1385; cf. Johnson, 988 F.2d at 943 (remand unnecessary where district court ruled on the merits of petitioner's claims).
 
 
 7
 AFFIRMED in part, VACATED in part and REMANDED for further proceedings.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In August 1988, this court held the Guidelines unconstitutional. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), vacated, United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). The following year, the Supreme Court held the Guidelines constitutional. See Mistretta v. United States, 488 U.S. 361 (1989)
 
 
 [2]
 Appellant's motion to file an out-of-time reply brief is denied as moot