**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10132 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00142-RS |
| v. | |
| GERARDO MADRIGAL GUIZAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Federal prisoner Gerardo Madrigal Guizar appeals pro se from the district court's denial of his "Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Crim. P. 52(b)." We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Madrigal Guizar's motion raised challenges to both his conviction and his sentence. Federal Rule of Civil Procedure 60(b) is not a proper vehicle for challenging a criminal conviction and sentence, and Federal Rule of Criminal Procedure 52(b) merely prescribes a standard of review. *See* Fed. R. Civ. P. 1; *United States v. Speelman*, 431 F.3d 1226, 1229-30 (9th Cir. 2005) (describing three procedures for challenging a criminal sentence). We therefore affirm the district court's denial of the motion under Rules 52(b) and 60(b).

Pro se pleadings must be liberally construed, however, and at the time that he filed his motion, Madrigal Guizar retained the right to challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Madrigal Guizar's motion raised both a claim of ineffective assistance of counsel and a claim that his sentence is unconstitutional. Contrary to the government's contention, those claims are not barred by the appeal waiver in the parties' plea agreement. The record reflects that Madrigal Guizar explicitly reserved the right to raise, in a section 2255 motion, the claim that his constitutional right to the effective assistance of counsel was violated. Moreover, an otherwise valid appeal waiver does not bar a claim that a sentence is unconstitutional. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

13-10132

Because the district court did not consider Madrigal Guizar's challenges to the constitutionality of his sentence and the effectiveness of his counsel, we reverse and remand with instructions that the court evaluate Madrigal Guizar's motion as one arising under section 2255. *See United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990) (per curiam). The district court must first, however, follow the procedures set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003).

**AFFIRMED in part; REVERSED in part; REMANDED.**