**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-50213 |
| Plaintiff-Appellee, | D.C. No. 8:98-cr-00143-DDP |
| v. | |
| JAVIER PONCE CASTELLON, a.k.a. Harvey Castellon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Javier Ponce Castellon appeals from the district court's order denying his

pro se motion to reopen, which challenged his conviction and sentence for multiple

drug trafficking offenses.  We have jurisdiction under 28 U.S.C. § 1291, and we

vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castellon contends that the district court erred by failing to recharacterize his motion to reopen as a 28 U.S.C. § 2255 motion and ordering the government to respond. The district court's order denying Castellon's motion to reopen does not disclose the basis for its decision. However, the court may have mistakenly believed, based on a docketing error, that in 2005, a section 2255 motion had been filed on Castellon's behalf and denied on the merits. Because the relief Castellon sought in his motion to reopen is available only through a section 2255 motion and he has not filed a first section 2255 motion, we vacate and remand with instructions that the district court evaluate Castellon's motion as one arising under section 2255. *See United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990).[1] We express no opinion as to the merits of Castellon's claims.

**VACATED and REMANDED.**

---

[1] Recharacterized as a section 2255 habeas, Castellon's motion appears to be untimely. Any such finding, however, cannot be made until the district court follows the procedures set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003).

14-50213