KLEINFELD, Circuit Judge:
 

 Evenstad pleaded guilty to bank robbery and was sentenced to twelve years in prison. He did not appeal. Four years later, he petitioned for habeas corpus. He claims that his sentence should be vacated because one of the prior offenses considered in sentencing was tainted by ineffective assistance of counsel. We remand so that the district judge can make certain determinations and possibly hold a hearing.
 

 I. Facts.
 

 Evenstad robbed a bank, using what looked like a handgun and wearing a ski
 
 *1156
 
 mask. FBI agents tracked him and caught him with the gun, ski mask, and most of the money. He pleaded guilty to an information charging only simple bank robbery, 18 U.S.C. § 2113(a). The government dismissed the indictment charging both bank robbery and assault with a dangerous weapon during a bank robbery, 18 U.S.C. § 2113(a) and. 2113(d). The gun was a plastic replica, not a real gun capable of firing bullets. Evenstad committed this crime in 1986, before the federal sentencing guidelines became effective. In his written, signed plea agreement, the government promised “to make a binding recommendation to the Court that any term of incarceration to which defendant EVENSTAD is sentenced not be in excess of twelve years in length.”
 

 At his sentencing hearing, Evenstad took issue with numerous details in his presen-tence report:
 

 —the loss to the bank was less than the amount stolen, because the FBI caught him with most of the money.
 

 —the unpaid loans were from his relatives to him, not from him to his relatives.
 

 —the word “allegedly” should not have been used in connection with these loans.
 

 —he disagreed with the probation officer’s inference that he chose a life of crime because of inability to establish roots and friendship networks.
 

 —his girlfriend lived in Las Vegas for one year, not three years.
 

 —the listing of his liabilities omitted $4,000 in bad checks he had written.
 

 —he wanted a formal ruling on the probation officer’s statement that he supported himself by money obtained from robberies. The judge struck it instead.
 

 —he wanted a ruling on the probation officer’s statement that his lifestyle was extravagant. The judge let it stand, on the ground that it was a conclusion the officer could draw.
 

 Despite Evenstad’s detailed critique of the presentence report, he did not claim that ineffective assistance of counsel affected his 1973 conviction. The prosecutor alluded to Evenstad’s prior criminal record and the plea bargain as his reasons for a recommendation of twelve years to serve, and Evenstad acknowledged the record, but still did not raise the point. In the course of explaining his reasons for accepting the plea bargain, the judge mentioned the “simple robbery” in 1973, and the “armed robbery” in 1977, while on parole from the 1973 sentence. Evenstad and his attorney said that the 1977 robbery was also with a toy gun, and was reduced to simple robbery. The judge noted the correction, and clarified that Evenstad was on parole from the 1977 robbery when he committed the latest robbery. He then imposed the twelve year sentence agreed upon as the cap in the plea agreement. Throughout this detailed colloquy, with full participation by Evenstad personally as well as his attorney, Evenstad never claimed any infirmity in his 1973 conviction.
 

 Evenstad was sentenced in June of 1986. He did not appeal. In October, he moved for reduction of sentence, but not on any of the grounds raised in the petition now before us. In December, Evenstad filed a memorandum in support of his motion for reduction of sentence, claiming various errors and mischaracterizations in his presen-tence report, but not claiming any defect in the 1973 robbery conviction. His motion was denied, and he did not appeal the denial.
 

 In 1990, three years after his Rule 35 motion for reduction of sentence was denied, and almost four years after he was sentenced, Evenstad filed his motion pursuant to 28 U.S.C. § 2255, the denial of which is now before us. The 1990 motion for the first time raised, among other claims, the issue which is the focus of this opinion, Evenstad’s claim that his 1973 robbery conviction should not have been used to enhance his 1986 sentence, because he had ineffective assistance of counsel in 1973. We review the denial of a petition for habeas corpus de novo.
 
 United States v. Angelone,
 
 894 F.2d 1129, 1130 (9th Cir.1990).
 

 
 *1157
 
 II. The 1973 state conviction.
 

 The only substantial issue in this appeal is the procedure to be followed by the district court when a prisoner files a § 2255 motion claiming that a prior state conviction considered during his federal sentencing was tainted by ineffective assistance of counsel. The district court declined to rule on Evenstad’s claim that his 1973 conviction was tainted. The ground for the ruling was that an attack on a state sentence had to be made under § 2254, in a separate proceeding, because a § 2255 motion was limited to a single judgment of the district court.
 

 Our decision in
 
 Brown v. United States,
 
 610 F.2d 672 (9th Cir.1980), compels us to vacate and remand. In that case, too, a prisoner on a federal conviction claimed years after judgment that his federal sentence should be vacated because an old state conviction considered by the judge had been tainted by ineffective assistance of counsel. We held that the prisoner did not have to exhaust his state remedies when he was "only attacking the federal government’s right to use that conviction as a predicate to the imposition of federal penalties.”
 
 Id.
 
 at 675. We remanded, so that the district judge could determine whether the sentence would have been the same even had the challenged state conviction been disregarded.
 

 Brown
 
 did not address the issue of waiver. It explicitly left open “the standards of adequacy to be followed in a long-distance collateral attack.”
 
 Brown
 
 at 675. The facts and arguments in this case require that we address waiver. One cannot read Evenstad’s sentencing transcript without wondering why he did not attack the old state conviction during his extensive colloquy. One might think that the claimed injustice of his 1973 Minnesota conviction would have gnawed at Evenstad for thirteen years, and not first occurred to him seventeen years later, four years after the federal sentencing. But the waiver determination is for the district court to make, not us.
 
 See Farrow v. United States,
 
 580 F.2d 1339, 1357 (9th Cir.1978).
 

 Brown
 
 extends doctrine developed for uncounseled convictions to ineffectively counseled convictions.
 
 United States v. Tucker,
 
 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), held that where a federal sentence was enhanced by reliance on state convictions, and the state convictions were constitutionally invalid under
 
 Gideon v. Wainwright,
 
 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because the defendant had been deprived of counsel, the case was properly remanded on a post-judgment § 2255 motion for resentencing without consideration of the invalid convictions. In
 
 Farrow v. United States,
 
 580 F.2d 1339 (9th Cir.1978), we considered en banc the procedure for district courts to follow when convicts filed § 2255 motions claiming
 
 Tucker
 
 violations. We held that where the judge determines on the basis of either recollection or the record that the sentence would be the same without the challenged priors, the § 2255 motion may be dismissed without a hearing. But if the judge finds that the original sentence would be inappropriate, were the challenged convictions invalid, then the petitioner is entitled to an evidentiary hearing on the validity of the priors, unless the
 
 Tucker
 
 claim has been waived. While not deciding the standard for disposition of claims of waiver, we held that “a convict’s failure to comply with Fed.R.Crim.P. 32(a)(1) by presenting ‘any information in mitigation’ of punishment at the time of sentencing may waive a subsequent § 2255 challenge to his sentence based on such information, absent a showing of cause and prejudice.”
 
 Farrow
 
 at 1356. Since in many cases the district judge will decide that the same sentence would have been appropriate even in the absence of the challenged prior, waiver need be addressed “[ojnly where the § 2255 judge finds that a different sentence would be appropriate.”
 
 Farrow
 
 at 1357.
 
 Farrow
 
 leaves open the scope of application of the cause and prejudice test of
 
 Wainwright v. Sykes,
 
 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 
 See Farrow
 
 at 1357.
 

 
 *1158
 
 We see no reason to depart from the suggestion in
 
 Farrow,
 
 that the
 
 Sykes
 
 cause and prejudice test should be applied. Evenstad was required, under Federal Rule of Criminal Procedure 32(a)(1), to present “any information in mitigation” at the time of sentencing, and violated that rule by failing to present at that time the claimed invalidity of the Minnesota conviction.
 
 Cf. United States v. Donn,
 
 661 F.2d 820, 824 (9th Cir.1982). Under the
 
 Sykes
 
 test, Evenstad must make “a showing of cause” for his failure to comply with the rule, and “some showing of actual prejudice resulting from the alleged constitutional violation.”
 
 Sykes,
 
 433 U.S. at 84, 97 S.Ct. at 2505.
 

 Application of
 
 Farrow v. United States,
 
 580 F.2d 1339 (1978) (en banc), and
 
 Brown v. United States,
 
 610 F.2d 672 (9th Cir. 1980), yields the procedure for the district court on remand. If the district court determines on the basis of either recollection of the sentencing or review of the record that the sentence would be the same without the Minnesota conviction, then Even-stad’s § 2255 motion may be dismissed without a hearing. If the sentence would be more lenient without the Minnesota conviction, then the district court must determine whether Evenstad has shown cause and prejudice. If not, the motion may be dismissed without a hearing. If so, then the court must hold a hearing, under
 
 Brown,
 
 either to resentence Evenstad without enhancement on account of the challenged Minnesota conviction, or else to determine whether the Minnesota conviction really was invalid because of ineffective assistance of counsel, whichever in its discretion is more practical and appropriate.
 
 See Farrow v. United States,
 
 580 F.2d 1339, 1352-54, 1356-57 (9th Cir.1978);
 
 Brown v. United States,
 
 610 F.2d 672, 674-75.(9th Cir.1980).
 

 III. Other claims.
 

 We have reviewed Evenstad’s many other claims on appeal, and determined that they are all without merit. He claims that the. judge’s impartiality “might reasonably be questioned” under 28 U.S.C. § 455(a) because Evenstad acted as counsel, in the capacity of a “jailhouse lawyer,” for another inmate who was alleged to have planned an assassination of the district judge. We review a district court’s denial of a motion for recusal for abuse of discretion.
 
 United States v. Monaco,
 
 852 F.2d 1143, 1147 (9th Cir.1988),
 
 cert. denied,
 
 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989). The district judge stated in his order that he had no bias against Evenstad, and the record suggests none. Under
 
 United States v. Studley,
 
 783 F.2d 934, 939 (9th Cir.1986), the “alleged prejudice must result from an extrajudicial source.” No extrajudicial source is suggested. The district judge did not abuse his discretion in denying Evenstad’s motion to recuse.
 

 He makes a number of challenges to his sentencing not suggesting constitutional error, but these are all barred because he did not appeal.
 

 Evenstad argues that his plea was involuntary, because he relied on parole provisions that were later amended to his disadvantage. Evenstad contends that in entering his plea he relied on § 235(b)(3) of the Sentencing Reform Act of 1984, which stated that the Parole Commission “shall set a release date ... within the range that applies to the prisoner under the applicable parole guideline.” While it had been enacted before Evenstad’s 1986 sentencing, this version of § 235(b)(3) did not take effect until November 1, 1987: Five weeks after its effective date, § 235(b)(3) was amended to require that the release date be set “pursuant to [18 U.S.C.] section 4206.” Pub.L. No. 100-182, 101 Stat. 1266 (1987).
 

 We have previously characterized § 235(b)(3) as a transition provision, which controls the timing of the Parole Commission’s decisions, but does not change the parole eligibility of prisoners.
 
 Fassler v. United States Parole Commission,
 
 964 F.2d 877, 879 (9th Cir.1991). Thus, Even-stad could not have relied on his parole eligibility being determined under the original version of this provision. We have also held .that the ' 1987 amendment of § 235(b)(3), which, refers to 18 U.S.C. § 4206 in setting a release date, does not
 
 *1159
 
 disadvantage a person sentenced prior to November 1, 1987, when § 4206 was the applicable parole statute.
 
 See Tripati v. United States Parole Commission,
 
 872 F.2d 328, 330 (9th Cir.1989). Therefore, Evenstad has not been disadvantaged by the amendment, and his reliance on the previous version of § 235 does not render his plea involuntary.
 

 AFFIRMED IN PART, REVERSED IN PART, REMANDED.-