15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald Duke KELLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35575.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Duke Kelly, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Kelly was convicted of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). Kelly contends that: (1) he was denied the effective assistance of counsel at the sentencing phase; and (2) the district court erred in dismissing Kelly's challenge to a 1982 prior state conviction. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 
 3
 Kelly contends that his attorney was ineffective for failing to move for a downward departure from the United States Sentencing Guidelines during the sentencing phase of the proceedings.[1] This contention lacks merit.
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.
 
 
 5
 Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. When a defendant challenges his sentence based on his attorney's failure to introduce mitigating evidence, the defendant must show there is a reasonable probability that the addition of the evidence would have changed his sentence. See id. at 695; Mak v. Blodgett, 970 F.2d 614, 619-20 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1363 (1993). Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 6
 Here, Kelly argues that his attorney was ineffective for failing to move for a downward departure from the Guidelines, based on the conduct of Kelly's federal parole officer. According to Kelly, his parole officer interfered with Kelly's prescribed course of medical treatment for alcoholism.[2] Kelly does not argue that his parole officer forced or even encouraged Kelly to rob banks.
 
 
 7
 Kelly has not shown there is a reasonable probability that his sentence would have been different if his attorney had introduced evidence of the parole officer's conduct. Kelly has failed to cite any authority to support his claim that such conduct would entitle him to a downward departure from the Guidelines. See United States v. Shrewsberry, 980 F.2d 1296, 1298 (9th Cir.1992), cert. denied, 114 S.Ct. 120 (1993). Kelly has neither shown that the parole officer's conduct would qualify as a mitigating circumstance under the Guidelines, nor has Kelly shown that the sentencing court would have likely granted a discretionary departure from the Guidelines. See United States v. Garza-Juarez, 992 F.2d 896, 910-11 (9th Cir.1993) (explaining that presence of factor not given adequate consideration by Sentencing Commission may warrant downward departure under some circumstances, but decision completely within discretion of sentencing judge), petition for cert. filed, (Nov. 15, 1993) (No. 93-6757). Kelly has failed to show that there is a reasonable probability that his sentence would have been different. See Strickland, 466 U.S. at 695.
 
 
 8
 Moreover, Kelly has failed to establish that his sentence was fundamentally unfair or unreliable. See Fretwell, 113 S.Ct. at 844. Since Kelly has not established prejudice, it is unnecessary to consider whether counsel's conduct was objectively reasonable. See Strickland, 466 U.S. at 697. Accordingly, the district court properly dismissed Kelly's Sec. 2255 motion with respect to his ineffective assistance of counsel claim. See id. at 692.
 
 
 9
 Kelly also contends that the district court erred in dismissing his challenge to a 1982 prior state conviction. Kelly argued that he was denied the effective assistance of counsel in entering his guilty plea to the prior conviction. Thus, Kelly claimed that his current sentence was enhanced by his allegedly unconstitutional prior conviction. This contention lacks merit.
 
 
 10
 If the district court determines on the basis of either recollection or the record that the sentence would be the same without the challenged prior, the judge may dismiss the Sec. 2255 motion without an evidentiary hearing. Evenstad v. United States, 978 F.2d 1154, 1157 (9th Cir.1992). Here, the district court determined, and Kelly conceded, that Kelly would remain a career offender even without consideration of the 1982 conviction. Accordingly, the district court properly dismissed Kelly's Sec. 2255 motion as it pertained to his 1982 prior conviction. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Kelly characterizes this issue as a challenge to a 1981 prior conviction for bank robbery. However, in his original Sec. 2255 motion, Kelly only argued that his attorney was ineffective for failing to move for a downward departure. As no facts pertaining to the 1981 conviction were presented to the district court, we cannot consider them on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992) (explaining that generally the Ninth Circuit will not consider issues raised for first time on appeal)
 
 
 [2]
 Apparently, Kelly is arguing that he only committed robberies when he was under the influence of alcohol or other narcotics. Thus, Kelly claims that his parole officer's interference caused him to commit the robberies underlying this conviction because Kelly was on parole at the time. Kelly also claims that he would have completed parole but for his parole officer's conduct
 In addition, Kelly filed a Bivens action against his federal parole officer in which he raised similar claims. The district court dismissed this action for failure to state a claim and this court affirmed on appeal. See Kelly v. Christy, No. 92-35344, unpublished memorandum disposition (9th Cir. Dec. 24, 1992).