70 F.3d 119
 1995-2 Trade Cases P 71,203
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
James Norman WELLS, a/k/a Johnny Norman Wells, John Holmes,
and Duke Wells; individually and as an officer
of; Pacific Medical Clinics Management,
Inc., a corporation,
Defendants-Appellants.
 No. 95-55053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Norman Wells appeals pro se the district court's orders (1) granting the Federal Trade Commission's ("FTC") motion for an order releasing monies from Wells's frozen bank accounts and turning the money over to the FTC in partial satisfaction of the FTC's judgment against Wells; (2) denying Wells's motion for recusal; (3) denying Wells's motion to proceed on appeal in forma pauperis; and (4) denying Wells's motion for appointment of counsel.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 1. Release of Assets
 
 4
 Wells contends that the district court erred by granting the FTC's motion to release frozen monies (approximately $5,300.00) in partial satisfaction of the FTC's 1992 judgment of $21,551,669.00. This contention lacks merit. Wells has failed to present any arguments showing that the district court erred in releasing the assets to the FTC. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (stating that issue not raised in opening brief is deemed abandoned). Further, to the extent that Wells attempts to appeal the 1992 summary judgment and final judgment for the FTC, this court lacks jurisdiction. See Fed.R.App.P. 4(a)(1).
 
 2. Motion for Recusal
 
 5
 Wells contends that the district court erred by denying his recusal motion. This contention lacks merit.
 
 
 6
 We review the district court's denial of a recusal motion for abuse of discretion. Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992). A judge is required to disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. See 28 U.S.C. Secs. 455(a) & (b)(1). Recusal is required only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 7
 Wells's allegations of bias stem solely from judicial rulings and comments made in the course of the proceedings. Accordingly, the district court did not abuse its discretion by denying Wells's recusal motion. See id.
 
 3. Motion to Proceed In Forma Pauperis
 
 8
 Wells contends that the district court erred by denying his motion for leave to appeal in forma pauperis. This contention lacks merit.
 
 
 9
 Leave to appeal in forma pauperis should be denied if an appeal presents plainly frivolous issues. Ellis v. United States, 356 U.S. 674, 674-75 (1958) (per curiam). Wells failed to adequately prosecute his appeal from the district court's 1992 summary judgment and final judgment for the FTC and has merely attempted to address the issues with respect to those judgments in this case. Thus, the district court did not err by denying Wells's motion to proceed in forma pauperis because his appeal presents frivolous issues. See id.
 
 4. Motion for Appointment of Counsel
 
 10
 Wells contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 11
 We review for abuse of discretion the district court's denial of a motion for appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 12
 Because Wells's claims had little likelihood of success on the merits and because the legal issues involved were not complex, no exceptional circumstances warranted the appointment of counsel in this case. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (stating that to decide whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity."). The district court did not abuse its discretion by denying Wells's motion for appointment of counsel. See id.
 
 5. Request for Sanctions
 
 13
 The FTC requests this court "to enjoin [Wells] from contesting in future appeals, the validity of all prior orders of the district court in this case, including the orders of November 10, 1994." We deny the FTC's request to impose this type of proscription. See De Long v. Hennessey, 912 F.2d 1144, 1146-49 (9th Cir.), cert. denied, 498 U.S. 1001 (1990).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the parties' requests to waive oral argument are granted. Wells's motion requesting the court to refuse the consideration of motions submitted by the Federal Trade Commission is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3