141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
James DANNALS, Defendant-Appellant.
 No. 97-55511.
D.C. No. CV-96-00700-WBE.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 4, 1998**.
Decided Mar. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding.
 Before BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Dannals was convicted of six counts[1] relating to his methamphetamine manufacturing and distribution business. The Sentencing Guidelines, as they existed at the time, provided harsher sentences for crimes involving D-methamphetamine than those involving L-methamphetamine.[2] Dannals was sentenced in accordance with the D-methamphetamine guideline to 320 months of imprisonment followed by a six-year term of supervised release. He did not object to the sentencing court's reliance on the D-methamphetamine guideline. Dannals appealed pursuant to Anders v.. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He was notified of his option to submit issues to this Court but failed to do so. We affirmed his conviction and sentence. United States v. Dannals, 963 F.2d 380 (9th Cir.1992).
 
 
 3
 In April, 1996, Dannals filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. Dannals appeals, arguing that the district court erred in denying his § 2255 motion because (1) his Fifth Amendment due process rights were violated when he was sentenced for D-methamphetamine without any supporting evidence that his crimes involved D-methamphetamine, and (2) his Sixth Amendment right to effective assistance of counsel was violated because defense counsel failed to object to the assumption that his crimes involved D-methamphetamine.
 
 
 4
 We review de novo the denial of a 28 U.S.C. § 2255 motion. United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We also review de novo a claim of ineffective assistance of counsel. Id. at 1387.
 
 I.
 
 5
 Dannals raised the sentencing claim for the first time in his § 2255 motion. We have held that the Dversus L-methamphetamine issue is nonconstitutional in nature. United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). Thus, "the issue cannot be raised under § 2255 if it was not raised at sentencing or on direct appeal." Id.
 
 
 6
 Dannals argues that since there is no indication that a Fifth Amendment due process claim was before the McMullen court, McMullen should not bar his claim.[3] We do not feel that casting this claim as a due process violation should bring it out of McMullen 's reach.
 
 
 7
 Nevertheless, assuming arguendo that the claim, as couched by Dannals, is constitutional in nature, he can raise it for the first time in a § 2255 motion only if he shows both cause for his failure to make the objection earlier and prejudice from that failure. Id. (citing Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992). Dannals' attempts to show cause and prejudice are wholly unavailing.
 
 
 8
 Furthermore, even if Dannals could bring this claim for the first time in a § 2255 motion, it would fail. We recently held that it is not plain error for a district court to sentence defendants based on their involvement with D-methamphetamine without making a factual finding to classify the methamphetamine as D-methamphetamine. United States v. Scrivner, 114 F.3d 964, 970 (9th Cir.1997).
 
 II.
 
 9
 Dannals next argues that his right to effective assistance of counsel was violated by defense counsel's failure to challenge the form of methamphetamine. Again, he may raise such a claim for the first time in a § 2255 motion only if he shows cause for the failure to make the claim earlier and prejudice from that failure. McMullen, 98 F.3d at 1157. Establishing the elements of an ineffective assistance of counsel claim normally will meet this test. Id. (citing United States De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). To prevail on an ineffective assistance of counsel claim, the defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness", and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 10
 In McMullen, under similar circumstances, this Court held that an attorney's failure to challenge the form of methamphetamine does not constitute ineffective assistance of counsel. Id. at 1158. Likewise, we find that Dannals has failed to satisfy either prong of the ineffective assistance of counsel analysis. Counsel's conduct was not objectively unreasonable and Dannals has failed to demonstrate a reasonable probability that, but for counsel's errors, he would have been sentenced under the L-methamphetamine guideline.
 
 
 11
 Accordingly, the district court's denial of Dannals' § 2255 motion is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. As this case was not argued, appellant's Motion for Waiver of Third-Year STudent Eligibility Requirement is moot
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Count 1: conspiracy to manufacture methamphetamine and possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; Counts 2-4: distribution of methamphetamine and aiding and abetting in violation of § 841(a)(1) and 18 U.S.C. § 2; Count 5: use and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and Count 6: employment of persons under eighteen years of age in a drug trafficking crime and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 845b(a)(1) and 18 U.S.C. § 2
 
 
 [2]
 L-methamphetamine produces "little or no physiological effect when ingested," while D-methamphetamine produces a "high desired by the drug's users." United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995) (citations omitted). The Guidelines no longer make this distinction in sentencing. See U.S.S.G. § 2D1.1 (Nov. 1, 1995)
 
 
 [3]
 Dannals also argues that we should overrule McMullen and recognize the Dversus L-methamphetamine issue as a constitutional one that may properly be raised in a § 2255 motion. "In this circuit, a panel cannot overturn a decision of a previous panel except by en banc review, unless there has been an intervening statutory change or Supreme Court decision." Gee v. Southwest Airlines, 110 F.3d 1400, 1406 (9th Cir.1997). There has been no intervening statutory change or Supreme Court decision regarding the constitutional nature of the Dversus L-methamphetamine issue