**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNLY R. BECKER, | No.    13-16772 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00501-KJM-CKD |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

| | |
|---|---|
| DENNLY R. BECKER and BECKER TRUST DATED MARCH 25, 1991, | Nos.   14-16783<br>        15-15322 |
| Plaintiffs-Appellants, | D.C. No. 2:10-cv-02799-TLN-KJN |
| v. | |
| WELLS FARGO BANK, NA and WACHOVIA MORTGAGE CORPORATION, | |
| Defendants-Appellees. | |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 29, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

These consolidated appeals arise from interactions between plaintiff-appellant Dennly Becker, a real estate investor, and Wells Fargo, his mortgage lender. Becker appeals several district court orders dismissing or entering summary judgment on his various state and federal claims. We affirm.

## I

## Appeal No. 14-16783

### A

The district court properly entered summary judgment for Wells Fargo on Becker's claims for fraud, negligence, and violations of California's Unfair Competition Law, California Business & Professions Code § 17200 (West 2016). Becker identifies no disputed issue of material fact as to damages he suffered as a result of Wells Fargo's allegedly fraudulent conduct with respect to the Shelborne,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Larkflower, and Third Street properties. *See Rossberg v. Bank of Am., NA*, 219 Cal. App. 4th 1481, 1499 (2013). Nor does Becker raise a dispute of material fact with respect to his negligence claims: Becker identifies no duty of care that Wells Fargo owed Becker as a result of the bank's lending activities. *See generally Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1055 (9th Cir. 2014); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). On appeal, Becker rests his § 17200 claim only on the foregoing fraud and negligence claims. Because there are no disputed questions of material fact as to those claims, the district court properly entered summary judgment on Becker's Unfair Competition Law claim as well. *Cf. Farmers Ins. Exch. v. Superior Court*, 826 P.2d 730, 734 (Cal. 1992).

**B**

The district court did not abuse its discretion when it limited the scope of Becker's Third Amended Complaint. Becker sought to re-plead claims for: (1) unlawful foreclosure; (2) improper foreclosure process; (3) negligence; (4) RICO violations; and (5) Fifth Amendment violations.

Becker's unlawful foreclosure and negligence claims were premised on his assertion that the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461–70 (2012), preempts nonjudicial foreclosures pursuant to California Civil

3

Code § 2924 (West 2016) and therefore renders such foreclosures unlawful. It does not. *See, e.g., Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005–07 (9th Cir. 2008). Therefore, those claims are precluded.

Becker's amended foreclosure process and RICO claims were only slightly reworded amendments to claims previously dismissed with prejudice. The district court therefore did not abuse its discretion by denying Becker leave to amend those claims.

Becker's claim that the district court deprived him of property in violation of the Fifth Amendment is barred by the absolute immunity extended to federal judges discharging their jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

## C

The district court did not abuse its discretion by declining sua sponte to delay a summary judgment ruling in order to consider Becker's August 2014 motion for leave to amend. District courts enjoy "particularly broad" discretion to grant or deny leave to amend previously amended complaints, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), and Becker's motion threatened "undu[e] delay[]," *see M/V Am. Queen v. San Diego Mar. Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

4

## II

## Appeal No. 13-16772

### A

The district court properly dismissed Becker's state law claims.[1]  Becker did not properly plead a claim for fraud.  Becker's First Amended Complaint pleads no facts plausibly alleging that Wells Fargo intentionally misrepresented that the bank "could not verify that [Becker] occupied Hardy Place."  Nor has Becker identified a misrepresentation associated with the Quarry Stone Way property on which Becker relied to his detriment.

Becker's elder abuse and unfair competition claims are precluded by California law.  California's appeals courts have dismissed claims of elder abuse arising from foreclosure on the grounds that "[i]t is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 528 (2011).  For similar reasons, Becker's unfair competition claim is not viable. *See Farmers Ins. Exch.*, 826 P.2d at 734.

---

[1]  The district court erroneously held that it lacked diversity citizenship based on its assumption that Wells Fargo was a citizen of California, rather than a citizen of South Dakota.  Nonetheless, the claims lack merit and were therefore properly dismissed. *See* Fed. R. Civ. P. 12(b)(6).

5

**B**

The district court also properly dismissed Becker's other claims. Becker's claim pursuant to the Real Estate Settlement Procedures Act is precluded because he did not allege pecuniary damages. *See generally Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009). Becker's claim for unfair debt collection fails because the case does not involve consumer debt. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1074–75 (9th Cir. 2001). Wells Fargo mooted Becker's improper foreclosure claim when the bank rescinded its notice of default. *See Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). Becker's claim for intentional infliction of emotional distress fails because he did not allege outrageous conduct. *See Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). Becker's quiet title action is precluded because he did not tender. *See Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934) (in bank).

**C**

The district court did not abuse its discretion by denying Becker's motion to disqualify the presiding magistrate. The magistrate's remarks and rulings demonstrate neither biasing knowledge from an "extrajudicial source," *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992), nor "deep-seated favoritism or

6

antagonism" toward Becker, *see generally Liteky v. United States*, 510 U.S. 540, 555 (1994).

## III

## Appeal No. 15-15352

The district court did not abuse its discretion in awarding attorneys' fees to Wells Fargo. *See Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009) (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)) (stating standard of review). Becker essentially argues that the district court erred in determining that HOLA was applicable to his claims and, therefore, there was no contractual basis for attorneys' fees and Wells Fargo was not the prevailing party. Becker does not contest the amount of fees awarded or the manner in which the district court calculated the fees. The district courts properly rejected Becker's arguments on the merits in the companion cases. The district court did not abuse its discretion in finding that: (1) the notes and

deeds of trust authorized such fees; (2) Wells Fargo was the prevailing party; and (3) the fees were reasonable.[2]

**AFFIRMED**.

---

[2] Becker moved to strike Wells Fargo's alternative arguments for dismissal. *See Mot. to Strike Portions of Appellee's Br. by Plaintiff-Appellant*, No. 13-16772 ECF No. 17 (filed June 3, 2014). Because doctrines of appellate practice permit this Court to affirm dismissal on alternative grounds, *see Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1139 (9th Cir. 2011), Becker's No. 13-16772 motion to strike is denied.