32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Noel SMITH, Defendant-Appellant.
 No. 93-30435.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Noel Smith, a federal prisoner, appeals pro se the denial of his fourth motion to vacate, set aside, or correct his sentence following his conviction in 1978 for murder, aiding and abetting murder, robbery, and aiding and abetting robbery. Smith contends that (1) the district court should have recused itself; (2) the district court improperly considered uncounseled tribal convictions when sentencing him; (3) he received ineffective assistance of counsel at sentencing; and (4) his sentence amounted to cruel and unusual punishment. We have jurisdiction under 28 U.S.C. Sec. 2255 and affirm.
 
 
 3
 * Motion to Recuse
 
 
 4
 Smith argues that the district court erred by denying his motion for recusal. We disagree.
 
 
 5
 We review for abuse of discretion a recusal motion. Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992).
 
 
 6
 Smith alleges that Judge Battin's bias is established by the following: (1) in 1976, after presiding over a burglary trial in which Smith was acquitted, Judge Battin stated that Smith would regret it if he ever showed up in his courtroom again; (2) Judge Battin allowed evidence regarding that burglary to be admitted in the 1978 murder trial; (3) in 1986, Judge Battin denied Smith's request to delete references in the presentence report to a tribal court conviction; and (4) Judge Battin denied his request for transcripts of the sentencing hearing at government expense.
 
 
 7
 Because the first three alleged incidents occurred between eight and eighteen years ago, the motion to recuse on those grounds was untimely. See Preston v. United States, 923 F.2d 731, 732-33 (9th Cir.1991) ("recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained"); Molina v. Riser, 886 F.2d 1124, 1131 (9th Cir.1989) (recusal motion untimely when defendant had been aware of grounds for eight years). Because the fourth incident is a mere adverse ruling, it is legally insufficient to establish bias. See United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983) (prior adverse rulings do not establish bias). Therefore, the district court did not abuse its discretion by denying the motion to recuse.
 
 II
 Sixth Amendment
 
 8
 Smith alleges that the district court improperly considered his prior, uncounseled tribal convictions when imposing sentence, thereby violating his Sixth Amendment rights.[1] Smith relies on a proposition that has been overruled by the Supreme Court. See Nichols v. United States, 114 S.Ct. 1921, 1928 (1994) (overruling Baldasar v. Illinois, 446 U.S. 222 (1980) and holding that Sixth Amendment is not violated when court enhances a sentence with a prior uncounseled, misdemeanor conviction). Moreover, the district court did not use Smith's tribal convictions to enhance the sentence; rather, the court considered all the relevant factors, including the severity of the offenses and Smith's brutal and calculated conduct, before imposing a sentence within the statute's penalty range. See United States v. Hookano, 957 F.2d 714, 716 (9th Cir.1992). Accordingly, Smith's Sixth Amendment claim has no merit.
 
 III
 
 9
 Ineffective Assistance of Counsel at Sentencing
 
 
 10
 Smith contends that he received ineffective assistance of counsel at sentencing. The district court declined to consider the argument in light of the rejection of the same grounds on direct appeal. For the reasons stated in the district court's memorandum, we agree.
 
 IV
 Cruel and Unusual Punishment
 
 11
 Smith received a life sentence for murdering Jewel Hood during the course of a robbery and a consecutive life sentence for aiding and abetting the murder of Alvin Hood during the course of a robbery. Both crimes violated 18 U.S.C. Sec. 1111. Smith argues that the consecutive life sentences constitute cruel and unusual punishment because he did not have a criminal record or a history of violence. Smith also contends that his sentence violated due process and equal protection.
 
 
 12
 We have determined previously that Sec. 1111 carries a mandatory life sentence and the district court has no discretion to impose a lesser sentence. United States v. LaFleur, 971 F.2d 200, 209 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993). We further concluded that Sec. 1111 does not violate the Eighth Amendment's ban on cruel and unusual punishment by depriving the court of its obligation to consider mitigating evidence; does not violate the equal protection clause; and does not violate due process. Id. at 211-12. Therefore, Smith's arguments lack merit.
 
 
 13
 In a related argument, Smith compares his sentence to his co-defendant's sentences. Both co-defendants entered guilty pleas and testified against Smith. Willard Dean Youpee received a life sentence for one count of second degree murder and Lynn Thomas Birthmark received a fifteen-year sentence for one count of robbery. Smith alleges that this disparity illustrates that his own sentence is excessive.
 
 
 14
 A district court has discretion to impose disparate sentences upon co-defendants provided it considers individual circumstances. United States v. Chiago, 699 F.2d 1012, 1014 (9th Cir.), cert. denied, 464 U.S. 854 (1983). Here, the district court considered the brutal and calculated manner in which Smith committed the crimes and the number and severity of the crimes before imposing the sentence mandated by Congress. Therefore, the district court correctly rejected Smith's argument. See id. (defendant's two consecutive life sentences were not unconstitutionally disparate to co-defendant's life sentence).[2]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the reporters' transcript of the July 30, 1978 sentencing hearing was lost, the district court resolved the claim by referring to its own recollections of Smith's sentencing, the presentence report which it had adopted in its entirety, and the judgment and commitment. Based on those resources, the district court determined that it had not referred to or relied on the tribal convictions at sentencing, but had relied on the severity of the offenses and Smith's culpability. We discern no error in these procedures. See Evenstad, 978 F.2d at 1158 (district court may dismiss Sec. 2255 motion without an evidentiary hearing if it recollects that sentence would have been the same without the invalid prior conviction); Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (judges may supplement the record with own recollections)
 Smith filed a post-judgment Fed.R.App.P. 10(c) motion in which he alleged that the district court sentenced him to the maximum on each count without comment and that the tribal convictions were listed in the presentence report. Although the district court did not reconstruct the record in a separate order, the court's memorandum fully disposed of Smith's allegations.
 
 
 [2]
 Smith's argument that the district court employed illegal sentencing procedures in violation of 18 U.S.C. Sec. 3553(a)(1), (6) is misplaced because that statute was enacted as part of the Sentencing Reform Act of 1984 and went into effect several years after Smith had been sentenced
 Finally, we reject Smith's allegations regarding his opportunity to view the presentence report and right to allocution for the reasons stated in the district court's memorandum. See United States v. Sustaita, 1 F.3d 950, 954 (9th Cir.1993) (Fed.R.Crim.P. 32(a) violations may be harmless error if it is clear that no prejudice resulted).