77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruno Clayton DEVINE, Defendant-Appellant.
 No. 95-30014.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Jan. 5, 1996.
 
 Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER,* District Judge.
 MEMORANDUM**
 Appellant Devine was convicted of the involuntary manslaughter of Glen Ashton and Christine Ivancic in the United States District Court for the District of Montana.
 Batson Challenge
 During jury selection, in response to Devine's Batson[1] challenge, the prosecutor explained that he had challenged a Native American juror because he had personally prosecuted an individual by the same last name and from the same town as that prospective juror. The explanation offered by the government was neutral. Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995); Hernandez v. New York, 111 S.Ct. 1859, 1869 (1991). See United States v. Bynum, 3 F.3d 769 (4th Cir.1993), cert. denied, 114 S.Ct. 1105 (1994) (striking juror because her last name was same as someone prosecutor had prosecuted from same town was race-neutral reason). It was not clear error for the district court to accept it and rule that the prosecutor had not exercised his peremptory challenge in a discriminatory manner.
 Sentencing
 At sentencing, the district court made an upward departure on Devine's sentence, changing his Criminal History Category from I to V, and sentenced him to 51 months. Devine claims that the court impermissibly relied upon uncounseled tribal convictions to increase his Criminal History Category.
 The trial court has authority under U.S.S.G. § 4A1.3 to consider prior foreign and tribal offenses not used in computing the criminal history category "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. However, the district court may not consider misdemeanor offenses for which a defendant was imprisoned and not represented by counsel. We have held that such uncounseled misdemeanor convictions may not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction. United States v. Brady, 928 F.2d 844, 854 (9th Cir.1991).
 During the sentencing hearing, Devine's counsel advised the court that Ms. Morning Bird, Devine's common-law wife, could testify that Devine was unrepresented in the proceedings leading to a number of his prior convictions in tribal court in Canada. The district court refused to consider the evidence. Nevertheless, in making its upward departure changing Devine's Criminal History Category from I to V, the court said that it was considering all of Devine's convictions in Canada for assorted misdemeanor-type offenses, as well as fifteen automobile-related crimes. The district court erred in failing to determine which of Devine's convictions were uncounseled tribal convictions resulting in imprisonment when departing upward.[2]
 We vacate Devine's sentence and remand for resentencing. In evaluating the propriety of an upward departure, the district court may not rely on any uncounseled misdemeanor sentences that resulted in imprisonment.
 Restitution
 The district court also ordered Devine to pay $18,319.39 in restitution. We find that the district court did not abuse its discretion in ordering restitution in this amount.
 A sentencing court is not prohibited from imposing restitution even on a defendant who is indigent at the time of sentencing so long as the record indicates that the court considered the defendant's future ability to pay. In addition, "at the time restitution is ordered the record must reflect some evidence the defendant may be able to pay restitution in the amount ordered in the future."
 United States v. Newman, 6 F.3d 623, 631 (9th Cir.1993).
 The district court considered Devine's financial resources and earning ability in determining the amount of restitution to be paid as required under 18 U.S.C. § 3664(a).[3] "The court has broad discretion to determine the type and amount of evidence it deems relevant [to determining the amount of restitution to be paid]." Id. The district court did not clearly err in concluding that Devine may be economically productive in the future and did not abuse its discretion in granting this restitution order.
 The judgment of conviction and the restitution order are AFFIRMED; and the sentence is VACATED and REMANDED.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Batson v. Kentucky, 476 U.S. 79 (1986)
 
 
 [2]
 In Nichols v. United States, 114 S.Ct. 1921 (1994), the Court held that uncounseled misdemeanor convictions for which no prison term was imposed may be used to enhance punishment at a subsequent conviction. Id. at 1928. The opinion does not, however, overrule Brady, either expressly or implicitly
 
 
 [3]
 The district court found:
 That the defendant is an able-bodied individual who, although has not historically shown any particular ability, opportunity or interest in substantial gainful employment, is nonetheless capable of such employment, especially should he take advantage of vocational training while in custody. Not only can he begin to make restitution payments by working in the Inmate Financial Responsibility Program with the Bureau of Prisons, but the Court does not find his current indigence to be inherent, and any financial opportunities that present themselves to him upon release should be focused, in part, on his responsibilities to the victims of his crime.