**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ross LONJOSE, Defendant–Appellant.**

**No. 01–2303.**

United States Court of Appeals,
Tenth Circuit.

June 19, 2002.

Before EBEL, STEPHEN H. ANDERSON, and HENRY, Circuit Judges.

ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit Judge.

Defendant Ross Lonjose appeals from a 96–month sentence imposed upon him after he pled guilty to all three counts of a pre-indictment Information charging him with Crime on an Indian Reservation: Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153(a). He asserts that the district court improperly relied upon five prior uncounseled misdemeanor tribal court convictions in deciding to depart upward from the applicable criminal history category, in violation of his Sixth Amendment rights. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## BACKGROUND

The charges to which Mr. Lonjose pled guilty arose from three separate instances of child abuse by Mr. Lonjose against the three-year-old son of his then co-habitant girlfriend. The Presentence Report ("PSR") filed with the district court calculated an adjusted offense level of 27, and applied a "criminal history category of I," based on the fact that Mr. Lonjose had no adult or juvenile criminal convictions reportable under USSG § 4A1.1. PSR at 15, ¶ 78–80, R. Vol. II. The PSR noted the existence of a substantial tribal court record, however, including at least 13 prior uncounseled convictions. Based on this record, the probation officer suggested that "[t]he defendant's criminal history [was] under-represented" and more "closely resemble[d] most defendants in category III," recommending that the district court depart upward pursuant to USSG

§ 4A1.3(a). *Id.* at 16–22, ¶¶ 82–94, and 31, ¶ 151.

Prior to sentencing, Mr. Lonjose objected to the probation officer's recommendation of an upward departure based on the tribal court convictions. Specifically, he asserted that tribal convictions, particularly those obtained without the benefit of defense counsel, lack the protections of due process and cannot constitutionally serve as a basis for an enhanced sentence. Def's Objections to PSR at 3–4, ¶ 3, R. Vol. I, Doc. 21. At sentencing, the district court overruled these objections, accepting the probation officer's recommendation:

I'm going to sentence as follows: The Court will adopt the presentence report factual findings and guideline applications. The Court finds the offense level is 27, the criminal history is category 1, establishing a guideline imprisonment range of 70 to 87 months.

However, the Court finds that an upward departure, pursuant to Section 4A1.3 for underrepresented criminal history category is warranted based on the following tribal convictions: Defendant was convicted in Zuni Tribal Court for burglary ..., driving under the influence ..., drug abuse ..., aggravated assault ..., and drug abuse.... Under *United States v. Claymore*, 978 F.2d 421 [8th Cir. 1992], it is appropriate that tribal convictions be used to calculate the criminal history category.

Pursuant to Section 4A1.3, defendant's criminal conduct is significantly under-represented by a criminal history of category 1. The Court will take notice that the [tribal court] convictions were not accurately represented in sentencing

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

calculations by the Probation Department.

Number 4, defendant's criminal history category would be more represented and similar to individuals as a criminal history of category 2. And level 27, with a criminal history category 2, would place defendant in the range of 78 to 97 months.

The Court will take notice that in this case, the defendant admitted to assaulting a Native American child within the boundaries of the Indian Country. The victim was vulnerable and defendant's conduct was heinous, frankly. Therefore, as to Counts I, II and III ... the Defendant, Ross Lonjose, will be committed to the custody of the Bureau of Prisons, to be imprisoned for the term of 96 months.... The defendant's terms on three counts will run concurrently.

Tr. of Sentence Proceedings at 11–13, R. Vol. III.

On appeal, Mr. Lonjose raises a discrete constitutional issue, asserting that the district court's reliance on his uncounseled tribal court convictions, at least two of which resulted in sentences of imprisonment, violated his Sixth Amendment right to counsel. Appellant's Br. in Chief ("Appellant's Br.") at 10; Appellant's Reply Br. at 1–2. More specifically, he contends that "while uncounseled tribal convictions, which resulted in incarceration, may be valid in the context of tribal court, they are invalid and unconstitutional when used in the context of a federal sentencing." Appellant's Br. at 15.

## DISCUSSION

We review a district court's decision to depart upward from the applicable Sentencing Guidelines under a unitary abuse of discretion standard. *United States v. Alvarez–Pineda,* 258 F.3d 1230, 1237 (10th Cir.2001); *see also Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Under this standard, we generally consider

> "(1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable."

*Alvarez–Pineda,* 258 F.3d at 1237 (quoting *United States v. Collins,* 122 F.3d 1297, 1303 (10th Cir.1997)). As noted, this appeal raises issues related only to the first inquiry, *i.e.,* whether the district court relied upon a constitutionally permissible departure factor, which is a question of law.[1] *See Koon,* 518 U.S. at 100, 116 S.Ct. 2035 ("[W]hether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point.... A district court by definition abuses its discretion when it makes an error of law.").

In *Koon,* the Supreme Court set forth the framework for analyzing whether or not a district court relied on permissible or impermissible factors in making a decision to depart from the applicable guideline:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. If the special

---

1. The parties agreed at oral argument that the tribal court convictions, if validly considered, "remove the defendant from the applicable guideline heartland." Moreover, Mr. Lonjose does not assert that the record fails to support the "factual basis underlying the departure," or that the one level upward departure was unreasonable.

factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.... If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole ...," decide whether it is sufficient to take the case out of the Guideline's heartland.

*Id.* at 95–96, 116 S.Ct. 2035 (quoting *United States v. Rivera,* 994 F.2d 942, 949 (1st Cir.1993)) (further internal citations omitted). *See also Alvarez–Pineda,* 258 F.3d at 1237–38.

■ It is undisputed that prior tribal court convictions are not to be counted in calculating the defendant's initial criminal history category. *See* USSG § 4A1.1(b) cmt. n. 2. Section 4A1.3 of the Sentencing Guidelines expressly allows a district court to depart upward based on such convictions, however, so long as there is "reliable information indicat[ing] that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a). Accordingly, the consideration of the tribal court convictions is generally encouraged, and where the requirements of Section 4A1.3 are met, a departure based on such tribal convictions is a departure on a permissible factor under the Sentencing Guidelines. *Cf. Alvarez–Pineda,* 258 F.3d at 1238 (" 'Encouraged factors ... are specific factors provided by the Commission to aid

the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines.' ") (quoting *United States v. Neal,* 249 F.3d 1251, 1256 (10th Cir.2001)) (further quotations omitted).

■ As noted above, Mr. Lonjose contends on appeal that regardless of whether the consideration of tribal court convictions is encouraged by the Sentencing Guidelines, the consideration of uncounseled tribal court convictions resulting in imprisonment violates a defendant's Sixth Amendment rights. He further asserts that a constitutionally infirm factor is always an impermissible factor, and that the district court therefore abused its discretion when it relied on his tribal court convictions to enhance his sentence in this case. Because we reject his central premise, i.e., that the consideration of the uncounseled tribal court convictions resulting in imprisonment violated his Sixth Amendment rights, we disagree.

Our analysis proceeds on certain undisputed facts. To begin with, Mr. Lonjose does not dispute that he was actually convicted in the Zuni Tribal Court. Likewise, he admits that he had no constitutional right to appointed counsel in the Zuni Tribal Court, and that his convictions were therefore constitutionally valid at their inception.

The central issue is controlled by our disposition in *United States v. Benally,* 756 F.2d 773 (10th Cir.1985). There we held that a district court can consider a defendant's prior tribal court convictions in sentencing on a later federal conviction, despite the fact that such tribal court convictions were uncounseled and resulted in prison time. *Id.* at 779. Our holding was premised on the fact that such tribal convictions are valid at their inception because "Indian tribes are quasi-sovereign nations and ... the protections of the

Constitution do not apply to tribal actions brought against Indians in tribal courts." *Id.* Pursuant to *Benally,* the district court had the discretion, consistent with the Constitution, to enhance Mr. Lonjose's sentence based on his tribal court convictions.

Mr. Lonjose contended at oral argument that *Benally* has been implicitly overruled by *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).[2] We disagree. *Nichols* held that a prior, uncounseled conviction, constitutionally valid at its inception under *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979),[3] is also valid for purposes of enhancing a subsequent sentence under the Federal Sentencing Guidelines. *Nichols,* 511 U.S. at 748–49, 114 S.Ct. 1921. In so doing, the Court expressly overruled its per curiam decision in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which prohibited the use of a prior uncounseled misdemeanor conviction under an "enhanced penalty statute" to convert a subsequent misdemeanor into a felony carrying a prison term, regardless of whether the prior conviction was valid at its inception. *Id.* at 226, 100 S.Ct. 1585 (Marshall, J., concurring). *Nichols* expressly adopted the reasoning of the *Baldasar* dissent, stating as follows:

The [*Baldasar*] dissent criticized the [*Baldasar*] majority's holding as one that "undermines the rationale of *Scott* and *Argersinger* and leaves no coherent rationale in its place...." The dissent opined that the majority's result misapprehended the nature of enhancement statutes that "do not alter or enlarge a prior sentence," *ignored the significance of the constitutional validity of the first conviction* under *Scott,* and created a "hybrid" conviction, good for the punishment actually imposed but not available for sentence enhancement in a later case.... [W]e agree with the dissent in *Baldasar* that ... an uncounseled conviction valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense, even though that [subsequent] sentence entails imprisonment.

*Nichols,* 511 U.S. at 744–47, 114 S.Ct. 1921 (emphasis added) (quoting *Baldasar,* 446 U.S. at 231, 100 S.Ct. 1585 (Powell, J., dissenting)). In sum, *Nichols* made it clear that "[s]equential proceedings must be analyzed separately for Sixth Amendment purposes," *Alabama v. Shelton,* —— U.S. ——, ——, 122 S.Ct. 1764, 1770, 152 L.Ed.2d 888 (2002), and that a conviction valid at its inception is valid for all purposes, including the subsequent enhancement of a federal sentence under the Sentencing Guidelines.[4] *See also Baldasar,*

---

**2.** Mr. Lonjose further asserted that *Benally* is inapplicable in this case because it involved the consideration of uncounseled tribal court convictions in sentencing procedures prior to the adoption of the Sentencing Guidelines. In *United States v. Eckford,* 910 F.2d 216 (5th Cir.1990), the Fifth Circuit rejected a similar argument:

> the fact that a district court considered a prior uncounseled conviction for purposes of sentence enhancement under the Sentencing Guidelines does not implicate the [S]ixth [A]mendment any more than the fact that a court might have considered an uncounseled conviction outside of the Guidelines. Whether the Sentencing

Guidelines apply or not, sentence enhancement based on prior criminal history may only be predicated on constitutionally valid convictions.

*Id.* at 220 n. 9. We agree with the Fifth Circuit and reject Mr. Lonjose's contention.

**3.** *Scott* held that an uncounseled misdemeanor conviction in state court was constitutionally valid so long as it did not result in an actual sentence of imprisonment. 440 U.S. at 373–74, 99 S.Ct. 1158.

**4.** Any emphasis in *Nichols* on the fact that the original conviction did not result in jail time was a direct result of the fact that the original

446 U.S. at 232, 100 S.Ct. 1585 (Powell, J., dissenting) (concluding that convictions valid "for the purposes of their own penalties" should be valid for all purposes, including the enhancement of a subsequent sentence).

Our reading of *Nichols* is buttressed by decisions from a number of other federal circuits holding (even before *Nichols* ) that prior convictions, constitutionally valid at their inception, are valid for purposes of enhancing a subsequent federal sentence under the Sentencing Guidelines. *See United States v. Thomas,* 20 F.3d 817, 823 (8th Cir.1994) (concluding that a "constitutionally valid but uncounseled prior misdemeanor conviction" may be used to determine a subsequent federal sentence); *United States v. Falesbork,* 5 F.3d 715, 718 (4th Cir.1993) (concluding that "the sentence for a felony may be enhanced on the basis of a prior uncounseled misdemeanor conviction" valid under *Scott* ); *United States v. Castro–Vega,* 945 F.2d 496, 500 (2nd Cir.1991) (holding that a prior uncounseled misdemeanor conviction, valid at its inception under *Scott,* could be considered to enhance a defendant's criminal history category under the Guidelines); *Eckford,* 910 F.2d at 220 (reaffirming the conclusion that a conviction valid at its inception under *Scott* is "valid for all purposes," including the enhancement of later federal sentences). Indeed, it appears that only the Ninth Circuit continues to question the use of initially valid uncounseled convictions to enhance subsequent federal sentences, and there is considerable confusion even among that circuit's opinions. *Compare United States v. Bra-*

*dy,* 928 F.2d 844, 854 (9th Cir.1991); *United States v. Hookano,* 957 F.2d 714, 716 (9th Cir.1992); *United States v. Devine,* No. 95–30014, 1996 WL 5339 *1 (9th Cir. Jan.5, 1996), *with United States v. Smith,* No. 93–30435, 1994 WL 424659 *1 (9th Cir. Aug.15, 1994) (rejecting defendant's argument that the district court "improperly considered his prior, uncounseled tribal convictions when imposing sentence, thereby violating his Sixth Amendment rights," holding that "Sixth Amendment is not violated when court enhances sentence with a prior, uncounseled, misdemeanor conviction" valid at its inception); *United States v. Early,* No. 94–10543, 1996 WL 337206 *2 (9th Cir. June 18, 1996) (recognizing that after *Nichols,* an "uncounseled misdemeanor conviction, valid under *Scott* ..., is also valid when used to enhance punishment at a subsequent conviction," but nevertheless suggesting, without deciding, that an enhancement based on an uncounseled tribal court conviction resulting in imprisonment might be unconstitutional).

## CONCLUSION

In sum, we hold that *Benally* continues to control and that the district court did not violate Mr. Lonjose's constitutional rights by relying on his valid, uncounseled tribal court convictions to depart upward from the applicable criminal history category under USSG § 4A1.3. Accordingly, Mr. Lonjose's sentence is AFFIRMED.

---

conviction was obtained in a state court and was thus governed strictly, at its inception, by the procedural requirements of the Constitution. The central question of validity or invalidity in *Nichols* therefore depended entirely, under *Scott,* on whether the original conviction resulted in a sentence of imprisonment. In contrast, the validity of the tribal court

convictions in this case does not depend on the presence or absence of a jail sentence, and is in fact conceded by Mr. Lonjose. Accordingly, contrary to Mr. Lonjose's contentions, our analysis is not impacted in any way by the fact that he was sentenced to jail by the Zuni Tribal Court.